Michele R. Stafford, Esq. (SBN 172509)
Erica J. Russell, Esq. (SBN 274494)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
erussell@sjlawcorp.com

Attorneys for Plaintiffs

Justin D. Harris, Esq. (SBN 199112)
MOTSCHIEDLER, MICHAELIDES, WISHON,
BREWER & RYAN, LLP
1690 West Shaw Avenue, Suite 200
Fresno, CA 93711
(559) 439-4000
(559) 439-5654 – Facsimile
jdh@mmwbr.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL E. BURNS, et al.,<br><br>    Plaintiffs,<br>         v.<br><br>HALOPOFF & SONS, a California Corporation; JOHN HALOPOFF, an individual<br><br>    Defendants. | Case No.: C13-3968 YGR<br><br>**JOINT REQUEST FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER THEREON**<br><br>Date:   October 27, 2014<br>Time:  2:00 p.m.<br>Ctrm:  1, 4th Floor<br>          1301 Clay Street<br>          Oakland, California<br>Judge: The Honorable Yvonne Gonzalez Rogers |

   Plaintiffs and Defendants respectfully request that the Case Management Conference, scheduled for Monday, October 27, 2014, at 2:00 p.m., be continued for approximately thirty (30) days. Good cause exists for the granting of the continuance as follows:

   1.   As the Court's records will reflect, this action was filed on August 27, 2013 to compel Defendants to comply with the terms of their Collective Bargaining Agreement.

///

2. Plaintiffs served the Summons and Complaint on Defendants on September 4, 2013.

3. Plaintiffs performed an audit of Defendants' payroll records for the period of August 1, 2012 through November 30, 2013. The audit revealed Defendants owed Plaintiffs approximately $127,000.00 for unpaid contributions, plus liquidated damages, interest, and audit fees.

4. Defendants are also indebted to Plaintiffs for approximately $121,000 for unpaid contributions for the period from September 2012 through January 2014, plus liquidated damages and interest on all unpaid and late-paid contributions through January 2014.

5. The parties met and conferred regarding amounts due to Plaintiffs, and Defendants claimed that due to financial hardship they are unable to make any payments to Plaintiffs toward their debt. Defendants failed, however, to provide any evidence supporting their claim of financial hardship.

6. In order to evaluate Defendants' claim of financial hardship, the Court ordered Defendants to produce various documents related to their financial status pursuant to the parties' Joint Request re Production of Documents, filed on June 20, 2014.

7. Defendants produced the following documents in response to the Court's Order: a list of all shareholders of Defendant Halopoff & Sons; copies of several deeds of trust and security filings affecting Defendants' property; the names and titles of all persons who have a financial interest in Defendant Halopoff & Sons; Defendants' tax returns for 2010 and 2011 and a summary of unpaid payroll taxes; bank statements for January 2013 through February 2014, interim income statements and interim balance sheets for the periods ending May, 31, 2013 and June 30, 2013; and several loan agreements. Defendants failed, however, to provide their tax returns for the years 2012 and 2013 and financial statements prior to January 2013 because Defendants contend those documents were not prepared. Defendants agreed to provide financial statements for 2011 and 2012 should Plaintiffs request them and to the extent they were prepared.

8. Plaintiffs provided the documents Defendants produced to Plaintiffs' auditors for review.

9. Plaintiffs' auditors' review of Defendants' records is complete. The parties have continued to meet and confer regarding amounts owed to Plaintiffs and are working toward an informal resolution of this matter.

10. If an informal resolution cannot be reached, Plaintiffs will file a Motion for Summary Judgment against Defendants.

11. There are no issues that need to be addressed by this Court at the currently scheduled Case Management Conference. In the interest of conserving costs, as well as the Court's time and resources, the parties respectfully request that the Court continue the currently scheduled Case Management Conference for approximately thirty (30) days to allow sufficient time for the parties to reach an informal resolution of this matter.

Dated: October 20, 2014

**SALTZMAN & JOHNSON LAW CORPORATION**

By: _____/S/_____
Erica J. Russell
Attorneys for Plaintiffs


Dated: October 20, 2014

**MOTSCHIEDLER, MICHAELIDES, WISHON, BREWER & RYAN, LLP**

By: _____/S/_____
Justin D. Harris
Attorneys for Defendants

IT IS SO ORDERED.

Based on the foregoing, and GOOD CAUSE APPEARING, the currently set Case Management Conference is hereby continued to December 1, 2014, and all related deadlines are extended accordingly.

Date: October 20, 2014            _____
THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT

**JOINT REQUEST FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE**
**[PROPOSED] ORDER THEREON**
**CASE NO.: C13-3968 YGR**

P:\CLIENTS\OE3CL\Halopoff & Sons Inc\Pleadings\Joint Request to Continue CMC 101714.doc